IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CASE NUMBER 4:21-CR-52-MJT |
| | § | JUDGE MICHAEL TRUNCALE |
| | § | |
| | § | |
| WILFIDO ADAN VILLATORO | § | |

**ORDER OVERRULING OBJECTIONS AND ADOPTING
REPORT AND RECOMMENDATION**

The Defendant, Wilfido Adan Herrera Villatoro ("Villatoro"), filed a *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582. [Dkt. 58.] The Government filed a response. [Dkt. 60.] Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this motion was before United States Magistrate Judge Christine L. Stetson. Judge Stetson issued a report with recommended findings of fact and conclusions of law stating that Defendant's motion should be denied. [Dkt. 63.] Villatoro filed objections to the report and recommendation. [Dkt. 64.]

The Court has considered Villatoro's objections and conducted a *de novo* review pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59. Villatoro argues that he qualifies for compassionate release applying Amendment 833 retroactively to reduce his sentence due to his minor role in the underlying offense. He also asserts that he properly exhausted his administrative remedies, he has a serious medical condition, and the 3553 factors favor his release.

As to Villatoro's exhaustion requirement, Judge Stetson properly asserted in her report and recommendation that a request to the warden must state specifically the grounds upon which he is

requesting compassionate release for a request to meet the standard.  [Dkt. 63.]  The only specific grounds mentioned in the form he attached are for time credits.  [Dkt. 61-1.]  He also made a general request of compelling reasons with no explanation.  [*Id.*]  This is insufficient.  Moreover, his motion for compassionate release lacks merit as further discussed below.

As noted by Judge Stetson in her report and recommendation, the Fifth Circuit does not recognize non-retroactive changes in the law as an extraordinary and compelling reason justifying a sentence reduction.  *See United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025).  This holding applies to any law, and notwithstanding that fact, Amendment 833 is an amendment to the sentencing guidelines, which are only advisory to the courts—not binding law.  *See Hughes v. United States*, 584 U.S. 675, 681 (2018).  Therefore, this amendment is not applicable to Villatoro.

Villatoro's allegations regarding his medical condition were not alleged as grounds in his Motion for Compassionate Release.  He also did not attach any medical records to his motion.  In any event, Probation reported to the Court that his records demonstrate that he is considered a medical care level one and only requires simple chronic care and is approved to work as a unit orderly at the prison with no medical restrictions.  Consequently, Villatoro has failed to meet his burden regarding this ground for relief.

Furthermore, the Court agrees with Judge Stetson's assessment of Villatoro's role in the offense and the 3553 factors.  As such, the Court believes that completion of the remaining term of imprisonment appropriately reflects the seriousness of his offenses, deters future criminal conduct, and provides Villatoro with the needed structure for his continued rehabilitation.  Consequently, the Court OVERRULES Villatoro's objections [dkt. 64] and ADOPTS the Report

and Recommendation [dkt. 63].   Villatoro's Motion for Compassionate Release [dkt. 58] is therefore DENIED.

**SIGNED this 25th day of March, 2026.**

Michael J. Truncale
United States District Judge